**SIGNED THIS: November 18, 2013**

_____
**Mary P. Gorman
United States Chief Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| In Re | ) | |
|---|---|---|
|  | ) | Case No. 13-71005 |
| JAMES BLASKO, | ) | |
|  | ) | Chapter 13 |
| Debtor. | ) | |

# O P I N I O N

Before the Court is Mary Beth Blasko's Motion for Relief from Automatic Stay seeking to modify the stay for the purpose of enforcing the provisions of a Judgment for Dissolution of Marriage. Because the Debtor's obligation set forth in the Judgment to pay a debt to Capital One and to hold his ex-wife harmless with respect to that debt is a domestic support obligation, the Motion for Relief from Automatic Stay will be granted.

## I. FACTUAL BACKGROUND

The marriage of James Blasko ("Debtor") and Mary Beth Blasko was dissolved by a Judgment of Dissolution of Marriage ("Judgment") entered by the Circuit Court of Sangamon County, Illinois, in September 2012. The Judgment provided, *inter alia*, for the division of all of the parties' property and debts. Specifically, the Judgment required the Debtor to pay several credit card obligations that the parties had consolidated through a credit counseling agency and which the parties and the state court referred to as the Clearpoint debt. Included in the Clearpoint debt was an obligation to Capital One upon which only Mary Beth Blasko was directly liable. In the Judgment, the Debtor was ordered not only to pay all of the Clearpoint debt but also to hold his ex-wife harmless as to that debt.

The Debtor filed this case on May 17, 2013. He listed Mary Beth Blasko on his Schedule F as a potential creditor entitled to "Notice Only." He also scheduled unsecured debt of approximately $33,000 including an $8200 obligation to Capital One. The Debtor's Chapter 13 Plan proposed payments to the Chapter 13 Trustee ("Trustee") of $200.30 per month for 60 months for a total of $12,018. From those payments, the Trustee was directed to first pay the Trustee's own fees and commissions and the Debtor's attorney fees, and then to distribute the balance to unsecured creditors *pro rata*.

Mary Beth Blasko filed her Motion for Relief from Automatic Stay requesting modification of the stay to be allowed to finalize paperwork to divide the Debtor's exempt pension assets, to complete a sale of a jointly-owned timeshare, and to enforce the Debtor's hold harmless obligation as to the Capital One debt. Neither the Debtor nor the Trustee objected to the relief requested regarding the pension assets or the timeshare, and an agreed order was previously entered allowing

stay relief as to those matters. The Debtor objected to the relief regarding the Capital One debt, claiming that his obligation to pay the debt and hold his ex-wife harmless was part of their property division and, therefore, is dischargeable in this case. Mary Beth Blasko claims that the obligation is in the nature of support and is nondischargeable.

At the evidentiary hearing on the Motion for Relief from Automatic Stay, the parties stipulated as to the admissibility of the Judgment, a memorandum of opinion issued by the state court, and the financial affidavits and written closing arguments submitted by both parties in the dissolution proceeding. During the course of the hearing, a Clearpoint statement dated August 3, 2011, and a Capital One statement from December 2012 were admitted into evidence at the request of Mary Beth Blasko.

The Debtor testified that after the trial in the dissolution case, he lost his job and was unemployed for several months. He has since regained full employment albeit at a lower salary. He stated that his current budget is tight and he is usually several hundred dollars short each month. On cross-examination, he admitted that the Judgment was entered based on evidence of the income and expenses of the parties presented before he lost his job. He also acknowledged that the account number for the Capital One debt he scheduled did not match the account numbers on the Clearpoint or Capital One statements.

Mary Beth Blasko testified that at the time of the dissolution, the Debtor was making significantly more income than she was. Further, she stated that she did not have the income to pay the Capital One debt if it had been assigned to her. She testified that although the Debtor had paid some of the Clearpoint debt, he had not paid Capital One, and Capital One continues to bill her on the account.

During arguments at the close of the hearing, issues regarding the pending claim of Mary

Beth Blasko were raised. Mrs. Blasko filed a claim for $8824.85 as a general unsecured creditor after the claims bar date had run. The Debtor filed an objection to the claim based on the tardy filing but, at the time of the hearing, Mary Beth Blasko's time to respond to that objection had not yet run.[1] Mrs. Blasko's attorney complained that because Capital One had not received proper notice of the Debtor's filing and, therefore, had not filed its own claim, her late filing was justified. The Debtor's attorney acknowledged that the date for the Debtor to file claims on behalf of creditors or to seek an extension of time to do so had not yet passed, and that if the Court were to find the Debtor's obligation to pay Capital One is in the nature of support, the Debtor might be well-advised to file a claim on behalf of his ex-wife. The Court admonished the Debtor and his attorney that they should not expect a decision from the Court on the pending issues within the several days remaining for them to exercise the Debtor's option to file claims for creditors. Accordingly, the Debtor was left to make a decision about filing a claim for his ex-wife or for Capital One without guidance from the Court.

Two days after the hearing, the Debtor filed a priority claim for Mary Beth Blasko in the amount of $8824.85 asserting that the amount due was for a domestic support obligation. The Debtor also filed a First Amended Chapter 13 Plan which provided for payment in full of the newly-filed priority claim and provided for no payments to general unsecured creditors. Confirmation of the First Amended Chapter 13 Plan is pending. Although it appears that the Debtor is now conceding the issues raised by his ex-wife, a decision on the pending Motion must still be made in order for the case to progress.

---

[1] The time for responding to the objection to claim has now passed and the response filed by Mary Beth Blasko does not set forth sufficient grounds to allow her late-filed claim. Accordingly, the Debtor's objection will be sustained and her late-filed claim will be disallowed. See Fed. R. Bankr. P. 3002(a).

## II. JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. Proceedings regarding the termination, annulment, or modification of the automatic stay are core proceedings. *See* 28 U.S.C. §157(b)(2)(G).

## III. LEGAL ANALYSIS

"Domestic support obligation" is a term introduced into the bankruptcy vocabulary by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). Generally, a "domestic support obligation" is a debt that is owed to a "spouse, former spouse, or child of the debtor" which is in the "nature of alimony, maintenance, or support" and was established by a "separation agreement, divorce decree, or property settlement agreement" or by some other "order of a court of record[.]" 11 U.S.C. §101(14A).

Although BAPCPA provided marital and child support obligations with a new name and a statutory definition, the concept of making a distinction between marital or divorce obligations which are in the nature of support and those which are simply property settlement is not new. A significant body of case law has developed over the years discussing the reasons why the distinction is important and the various factors which should be considered in determining the true nature of a marital or divorce obligation. *See, e.g.*, *In re Woods*, 561 F.2d 27 (7th Cir. 1977); *In re Reines*, 142 F.3d 970 (7th Cir. 1998); *In re Wright*, 184 B.R. 318 (Bankr. N.D. Ill. 1995). Distinguishing between support obligations and property settlement obligations is a key factor in determining how marital claims should be treated in reorganization plans and whether such obligations are dischargeable. *See In re Rabideau*, 2011 WL 165179, at *2 (Bankr. C.D. Ill. Jan. 19, 2011); *In re Hack*, 2009 WL 1392068, at *2, 6 (Bankr. C.D. Ill. May 14, 2009).

In Chapter 13 cases, in order to obtain confirmation, plans must provide for payment in full of claims entitled to priority. 11 U.S.C. §1322(a)(2). "Domestic support obligations" are entitled to priority. 11 U.S.C. §507(a)(1)(A). Further, "domestic support obligations" are excepted from the general discharge granted to debtors upon completion of Chapter 13 plan payments. 11 U.S.C. §§523(a)(5), 1328(a)(2). In contrast, property settlement obligations are not entitled to priority status and are subject to being discharged upon completion of plan payments. 11 U.S.C. §§523(a)(15), 1328(a)(2). Generally, the automatic stay does not apply to the collection of domestic support obligations but would stop the collection of property settlement obligations. 11 U.S.C. §362(b)(2)(B).

In initially presenting their respective positions, both the Debtor and Mrs. Blasko relied on *In re Daulton*, 139 B.R. 708 (Bankr. C.D. Ill. 1992), as authority for the factors that should be considered in deciding whether an obligation is a domestic support obligation. The so-called *Daulton* factors include, *inter alia*, the age and health of the parties, whether there are children to be provided for, the employment status and future earning capacity of the parties, where the obligations are located and how they are labeled in the controlling court order, the adequacy of support absent debt assumption, the existence of a hold harmless clause, and whether there is any indication that the provisions at issue were intended to balance the relative incomes of the parties. *Id.* at 710. The actual intent of the parties if they entered into a voluntary agreement or the state court if the issues were contested also must be considered in determining whether an obligation is in the nature of support. *See Reines*, 142 F.3d at 973; *In re Pearce*, 245 B.R. 578, 583 (Bankr. S.D. Ill. 2000).

Not all of the *Daulton* factors are relevant to the inquiry here, but several are important to the analysis. The Judgment, entered after a contested hearing, does not have labels or separate sections for the property and support provisions. Rather, the Judgment contains lists allocating both

property and debts to each party. The Clearpoint debt is assigned to the Debtor in the same provision as he is awarded his vehicle, bank accounts, and other assets. Elsewhere in the Judgment, the Debtor is ordered to pay periodic maintenance to his ex-wife in the amount of $400 per month based on a variety of statutory factors similar to those set forth in *Daulton*. The Debtor's obligation to indemnify and hold his ex-wife harmless with respect to the debts he was ordered to pay is located on the same page as the periodic maintenance provisions. Thus, the factors regarding labeling and placement of the obligation in the controlling court order is neutral because part of the obligation is located with property provisions and part is located with support provisions.

Other factors more strongly support Mrs. Blasko's position. The evidence presented at the dissolution of marriage trial was that the Debtor's annual income was $112,000 and that he had also received a bonus of approximately $23,000 in 2012. During the same period, Mary Beth Blasko had annual income of about $56,000. The state court found that Mary Beth Blasko needed $400 per month in maintenance payments from the Debtor to support herself. The Debtor was allocated almost all of the parties' debts including the Capital One debt that he was not directly obligated to pay. The findings in the Judgment strongly suggest that the state court's intent in allocating the debt was to balance the incomes of the parties and the equities with respect to the future earnings of each party. Because the state court found Mrs. Blasko needed $400 per month in maintenance from the Debtor just to meet her ongoing living expenses, it follows that she would have required more assistance if more debt had been allocated to her. The support amount awarded to Mary Beth Blasko would not have been adequate absent allocation of most of the parties' debts to the Debtor. Mary Beth Blasko's need for support and her lack of income to contribute to debt payments are clearly set forth in the Judgment and the existence of the hold harmless provision is a recognition of her need for support. The *Daulton* factors upon which evidence was presented compel a finding that the Debtor's

obligation to pay Capital One and hold his ex-wife harmless is a domestic support obligation.

The Debtor bore the burden of proof to establish that his obligation to his ex-wife should remain subject to the stay. 11 U.S.C. §362(g). He presented no evidence on any of the *Daulton* factors to support his position that the Capital One obligation was property settlement and he did not sustain his burden. Apparently, the Debtor has also recently changed his position as evidenced by the priority claim he filed for his ex-wife and his First Amended Plan. Although the Court considers the change in position as some evidence of the true nature of the Debtor's obligation to pay Capital One and hold his ex-wife harmless, the change may simply suggest that the Debtor has realized that it may be in his own best interest to have the bulk of his plan payments go to his ex-wife. Absent the persuasive evidence outlined above supporting a finding that the Capital One obligation is in the nature of support, the Debtor's change in position would not necessarily control the Court's decision on the issue. *See Hack* 2009 WL 1392068, at *6 (Debtor lacked credibility due to self-serving change of position regarding nature of debt to ex-wife.). Here, however, the evidence strongly supports the change in position and the recognition by the Debtor of the true nature of his obligation to his ex-wife.[2]

Because the Debtor's obligation to pay Capital One and hold his ex-wife harmless is a domestic support obligation, the automatic stay does not limit collection from property that is not property of the estate. 11 U.S.C. §362(b)(2)(B). Accordingly, Mary Beth Blasko is entitled to an order granting her the relief that she seeks.

---

[2] The Court gave no weight to the fact that Mary Beth Blasko filed a general unsecured claim and did not assert entitlement to priority status in her claim. Her claim was filed after she had appeared and argued that the Debtor's obligation to pay Capital One and hold her harmless was a domestic support obligation. Accordingly, the failure to assert priority status in her claim appears to be the result of careless drafting and should not be considered as an admission by her that her claim is for property settlement and not support.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###